# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **MARY WALBURN,** | : | |
| 5153 Norwich Street | : | |
| Hilliard, OH 43026 | : | Case No. 2:19-cv-711 |
| | : | |
| and | : | JUDGE |
| | : | |
| **JOHNATHAN BAILEY,** | : | MAGISTRATE JUDGE |
| 62173 Forestview Drive | : | |
| Cambridge, OH 43725 | : | **Jury Demand Endorsed Hereon** |
| | : | |
| and | : | |
| | : | |
| **MISTY HALL,** | : | |
| 9849 Lancaster New Lexington Road | : | |
| Bremen, OH 43107 | : | |
| | : | |
| and | : | |
| | : | |
| **JILL HOLLETT,** | : | |
| 1866 Cedar Hill Rd. Apt. A | : | |
| Lancaster, OH 43130 | : | |
| | : | |
| and | : | |
| | : | |
| **MEGAN HUGHES,** | : | |
| 79 East Canal Street, Apt. C | : | |
| Carroll, OH 43112 | : | |
| | : | |
| and | : | |
| | : | |
| **ALLISON MITCHELL,** | : | |
| 11109 Frasure Helber Rd, Lot 10 | : | |
| Logan, OH 43138 | : | |
| | : | |
| and | : | |
| | : | |
| **JESSICA ROTH,** | : | |
| 5045 Sugar Grove Road | : | |
| Sugar Grove, OH 43155 | : | |
| | : | |
| and | : | |

|  |  |
|---|---|
| **JOSHUA SLIKER,** <br> 62173 Forestview Drive <br> Cambridge, OH 43138 <br><br> **Plaintiffs, for themselves <br> and all others similarly situated,** <br><br> v. <br><br> **LEND-A-HAND SERVICES, LLC** <br> 4925 Vanlear Road <br> Columbus, OH 43229 <br><br> and <br><br> **PAUL NERSWICK** <br> 4925 Vanlear Road <br> Columbus, OH 43229 <br><br> **Defendants.** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## COLLECTIVE AND CLASS ACTION COMPLAINT

NOW COMES Plaintiffs Mary Walburn, Johnathan Bailey, Misty Hall, Jill Hollett, Megan Hughes, Allison Mitchell, Jessica Roth, and Joshua Sliker (referred to collectively herein as "Named Plaintiffs"), on behalf of themselves and others similarly situated, and proffers this Complaint for damages against Defendants Lend-A-Hand Services, LLC and Paul Nerswick ("Defendants").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*. and the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111").

2

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Named Plaintiffs' claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Named Plaintiffs' claims under the statutory law of Ohio and common law pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants are doing and have done substantial business in the Southern District of Ohio and Named Plaintiffs worked in and/or reside in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Mary Walburn is an individual, a United States citizen, and a resident of the state of Ohio. Ms. Walburn resides in Franklin County, Ohio.

6. Plaintiff Johnathan Bailey is an individual, a United States citizen, and a resident of the state of Ohio. Mr. Bailey resides in Guernsey County, Ohio.

7. Plaintiff Misty Hall is an individual, a United States citizen, and a resident of the state of Ohio. Ms. Hall resides in Fairfield County, Ohio.

8. Plaintiff Jill Hollett is an individual, a United States citizen, and a resident of the state of Ohio. Ms. Hollett resides in Fairfield County, Ohio.

9. Plaintiff Megan Hughes is an individual, a United States citizen, and a resident of the state of Ohio. Ms. Hughes resides in Fairfield County, Ohio.

10. Plaintiff Allison Mitchell is an individual, a United States citizen, and a resident of the state of Ohio. Ms. Mitchell resides in Hocking County, Ohio.

11. Plaintiff Jessica Roth is an individual, a United States citizen, and a resident of the state of Ohio. Ms. Roth resides in Fairfield County, Ohio.

12. Plaintiff Joshua Sliker is an individual, a United States citizen, and a resident of the state of Ohio. Mr. Sliker resides in Guernsey County, Ohio.

13. Defendant Lend-A-Hand Services, LLC is an Ohio limited liability company registered to do business in Ohio and conducts business in the Southern District of Ohio.

14. Defendant Paul Nerswick is a resident of Ohio and owns, in whole or in part, Defendant Lend-A-Hand Services, LLC. Defendant Nerswick is also responsible for Lend-A-Hand Services business operations, including payroll policies and procedures.

15. At all times relevant herein, the Named Plaintiffs were employees of Defendants as defined in the FLSA and O.R.C. Chapter 4111.

16. Named Plaintiffs bring this action on their own behalf and on behalf of those similarly situated, and each Named Plaintiff has given written consent to bring this action to collect unpaid minimum wage and other unpaid compensation under the FLSA. The consents are being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (Attached as Exhibit A).

17. Defendants are and have been an "employer" as that term is defined by the FLSA.

18. Defendant Lend-A-Hand Services, LLC is and has been an "employer" as defined in O.R.C. Chapter 4111.

19. At all times relevant to this action, Defendant Lend-A-Hand Services, LLC has been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant Lend-A-Hand Services, LLC constituted an enterprise engaged in commerce within the meaning of the FLSA.

20. Upon information and belief, Defendants' employees were engaged in interstate commerce and Defendants have an annual gross volume sales and/or business in an amount not less than $500,000.00.

**FACTUAL BACKGROUND**

21. Plaintiff Mary Walburn began working for Defendants in or around April 2018 in the position of Direct Support Staff. Plaintiff Walburn worked for Defendants until on or around February 15, 2019.

22. Plaintiff Johnathan Bailey was employed by Defendants on two separate occasions. Plaintiff Bailey began working for Defendants from in or around July of 2017 through in or around October 2017. Plaintiff was also employed by Defendants from in or around March 2018 until in or around September 2018 in the position of Supervisor.

23. Plaintiff Misty Hall began working for Defendants in or around January 2014 in the position of Assistant Director. Plaintiff Hall worked for Defendants until around May 2017.

24. Plaintiff Jill Hollett began working for Defendants in or around July 2016 in the position of Direct Support Staff. Plaintiff Hollett worked for Defendants until in or around September 2017.

25. Plaintiff Megan Hughes began working for Defendants in or around May 2018 in the position of Direct Support Staff. Plaintiff Hughes worked for Defendants until in or around July 2018.

26. Plaintiff Allison Mitchell began working for Defendants in or around July 2018 in the position of Direct Support Staff. Plaintiff Mitchell worked for Defendants until in or around December 2018.

27. Plaintiff Jessica Roth began working for Defendants in or around September 2018 in the position of Direct Support Staff and Health Manager. Plaintiff Roth worked for Defendants until in or around January 2019.

28. Plaintiff Joshua Sliker began working for Defendants in or around May 2018 in the position of Direct Support Staff. Plaintiff Sliker worked for Defendants until in or around February 2019.

29. Defendant Lend-A-Hand Services, LLC is in the business of providing home healthcare services to clients in Lancaster, Ohio and Columbus, Ohio. Defendants' business offices are located in Columbus, Ohio.

30. Upon information and belief, Defendant Lend-A-Hand Services, LLC is owned and operated by Defendant Nerswick.

31. Defendants employ approximately 15 hourly employees that provide home healthcare services to clients at any given time.

32. At all times relevant herein, Named Plaintiffs were hourly paid, non-exempt employees of Defendants as that term is defined in the FLSA and Chapter 4111.

33. Named Plaintiffs consistently worked more than 40 hours in a workweek during the three years prior to filing this Complaint.

34. At all times relevant herein, Named Plaintiffs were not paid overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek.

35. At all times relevant herein, Defendants paid Named Plaintiffs their regular rate of pay for all hours worked over 40 hours per workweek ("straight time").

36. Upon information and belief, Defendant Nerswick made the decisions related to pay that are set forth herein.

37. On numerous occasions, Named Plaintiffs approached Defendant Nerswick and told him that they believed that they and the other hourly employees should be receiving overtime pay for all hours worked over 40 in a workweek.

38. Defendant Nerswick responded that he had never offered overtime pay and was not going to pay it.

39. On other occasions, Defendant Nerswick stated that the field in which they worked did not require payment of overtime.

40. During their employment, Named Plaintiffs requested copies of their paystubs. When Plaintiffs requested copies of their paystubs, Mr. Nerswick refused to provide them.

41. Defendants refused to pay Named Plaintiffs and its other hourly employees in accordance with the law.

## COUNT I
### FLSA Collective Action, 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime (Brought by all Plaintiffs against Both Defendants)

42. All of the preceding paragraphs are realleged as if fully rewritten herein.

43. Named Plaintiffs brings their FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes:

> All current and former hourly paid employees of Defendants who, during the past three (3) years, did not receive overtime payment at a rate of one and one-half times their regular rate of pay for all hours worked in a workweek in excess of 40 (hereinafter referred to as "FLSA Class").

44. Named Plaintiffs and the FLSA Class Members were subject to the same payroll practice of not paying time and a half for hours worked in excess of 40 during a workweek.

45. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA. Named

7

Plaintiffs are representative of all SSPs and are acting on behalf of others' interests as well as their own in bringing this action.

46. These SSPs are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

47. In addition to the Named Plaintiffs, numerous putative FLSA Class Members have been denied proper overtime compensation due to Defendants' company-wide refusal to pay overtime compensation.

48. Named Plaintiffs and the SSPs were paid on an hourly basis.

49. Named Plaintiffs and the SSPs were non-exempt employees.

50. Named Plaintiffs and the SSPs frequently worked more than 40 hours per week.

51. Defendants refused to pay overtime pay to Named Plaintiffs and the SSPs.

52. Named Plaintiffs and the SSPs were not paid the correct overtime premium for all hours worked in excess of 40 in each workweek.

53. Defendants were aware that Plaintiffs and the SSPs regularly worked more than 40 hours per workweek, but were not receiving overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 per week.

54. Defendants' violation of the FLSA was willful, as Defendants knew or demonstrated reckless disregard as to whether they were required to pay Plaintiffs and the SSPs at an overtime premium for all hours worked in a workweek in excess of 40.

55. Accordingly, Named Plaintiffs and the SSPs were forced to work more than 40 hours per week without proper overtime compensation. As a result, Plaintiffs and the SSPs have been damaged.

## COUNT II
### Class Action, Fed. R. Civ. P. 23; OMFWSA R.C. 4111, *et seq*. - Failure to Pay Overtime (Brought by all Plaintiffs against Defendant Lend-A-Hand Services, LLC Only)

56. All of the preceding paragraphs are realleged as if fully rewritten herein.

57. Named Plaintiffs bring this Ohio Minimum Fair Wage Standards Act ("MFWSA") claim pursuant to Fed. R. Civ. P. 23 as a class action on behalf of themselves and all other members of the following "Class":

> All current and former hourly paid employees employed by Defendant Lend-A-Hand Services, LLC for the time period including two (2) years prior to the date of filing this Complaint through the date Class Certification is granted or Defendant changes its policy (whichever is earlier), who did not receive overtime payment at a rate of one and one-half times their regular rate of pay for all hours worked in a workweek in excess of 40. (the "Rule 23 Class")

58. Named Plaintiffs and the other Rule 23 Class members were not paid an overtime premium for all hours worked in a workweek in excess of 40.

59. The Rule 23 Class, as defined above, is so numerous such that joinder of all members is impracticable. The Rule 23 Class consists of more than 40 current and former hourly employees who have not been paid an overtime premium for all hours worked in a workweek in excess of 40.

60. Named Plaintiffs are members of the Rule 23 Class and their claim for unpaid overtime wages is typical of the claims of other members of the Class.

61. Named Plaintiffs will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

62. Named Plaintiffs have no interest antagonistic to or in conflict with interests of the Class that they are undertaking to represent.

63. Named Plaintiffs have retained competent and experienced class action counsel whom can ably represent the interests of the Rule 23 Class.

64. Questions of law and fact are common to the class, including:

   a. Whether Defendant violated the OMFWSA by failing to compensate, at an overtime premium, hourly employees for all hours worked in a workweek in excess of 40.

   b. Whether Defendant established its payroll policy, knowing the policy violated the law and failed to properly compensate hourly employees for all hours worked in a workweek in excess of 40 at an overtime premium;

   c. Whether Defendant's violations were knowing and willful;

   d. What amount of unpaid overtime compensation is owed to Named Plaintiffs and the other members of the Rule 23 Class as a result of Defendant's violation of the OMFWSA; and

   e. What amount of prejudgment interest is due to the Rule 23 Class members on their unpaid overtime compensation, which was unlawfully withheld.

65. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its unpaid employees.

66. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiffs and the Rule 23 Class as a whole.

67. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law or fact common to class members predominate over any questions affecting only individual members.

68. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiffs' claim and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiffs and their counsel are not aware of any pending litigation on behalf of any the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. In addition, individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to their unpaid employees. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

69. For Defendant's violation of O.R.C. 4111, Named Plaintiffs' are entitled to recover unpaid wages, an amount equal to the unpaid wages as liquidated damages, attorneys' fees and costs, and all other remedies available under Ohio law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs are entitled to and pray for the following relief:

A. As to Count I, certification as a collective action to all SSPs and appointment of Named Plaintiffs and their counsel to represent the FLSA Class; enter an order directing Defendants to pay into a common fund for the benefit of Named Plaintiffs and all other members of the FLSA Class the total amount of damages to which

    Named Plaintiffs and the class are entitled, including unpaid wages, unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs and expenses of the litigation and administration of the common fund, and attorney's fees; injunctive relief for Defendants to cease violations of the FLSA; and such other or additional relief deemed appropriate by the Court and available under the FLSA in an amount greater than $100,000.

B. As to Count II, enter an order certifying that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23 and designating the Named Plaintiffs as the Rule 23 Class Representatives, enter an order directing Defendant to pay into a common fund for the benefit of Named Plaintiffs and all other members of the Rule 23 Class the total amount of damages to which Named Plaintiffs and the Rule 23 Class are entitled, including unpaid wages, unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs of the litigation and administration of the common fund, and attorneys' fees, injunctive relief for Defendant to cease violations of the Ohio Minimum Fair Wage Standards Act, and such other or additional relief deemed appropriate by the Court.

C. Such other legal and equitable relief as this Court deems appropriate, but in any event not less than $100,000.00.

        Respectfully submitted,

        /s/ *Greg R. Mansell*
        Greg R. Mansell (0085197)
        (Greg@MansellLawLLC.com)
        Carrie J. Dyer (0090539)
        (Carrie@MansellLawLLC.com)
        Kyle T. Anderson (0097806)
        (Kyle@MansellLawLLC.com
        **Mansell Law, LLC**

                1457 S. High St.
                Columbus, OH 43207
                Ph: 614-610-4134
                Fax: 614-547-3614
                *Counsel for Plaintiffs*

## **JURY DEMAND**

Plaintiffs hereby requests a jury of at least eight (8) person

                /s/ *Greg R. Mansell*
                Greg R. Mansell (0085197)