**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

MARY WALBURN, *et al.*                          :
                                                :
       Plaintiffs,                          :      Case No. 2:19-cv-00711
                                                :
                                                :      JUDGE SARAH MORRISON
    vs.                                        :
                                                :      Magistrate Judge Vascura
                                                :
LEND-A-HAND SERVICES, LLC,                      :
                                                :
       Defendants.                          :

## <u>OPINION & ORDER</u>

This matter is before the Court on the parties' Joint Motion for Preliminary Approval of

Settlement and its supporting documents (ECF No. 42). For the following reasons, the parties'

motion is **GRANTED**.

### I.     PROCEDURAL BACKGROUND

This labor case alleges that Defendants Lend-A-Hand and its owner, Paul Nerswick,

unlawfully failed to pay Plaintiffs Mary Walburn, Johnathan Bailey, Misty Hall, Jill Hollett,

Megan Hughes, Allison Mitchell, Jessica Roth, Joshua Sliker and Brandy Wollard (collectively,

"Named Plaintiffs" or "Plaintiffs") overtime in violation of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 201 *et seq*., and the related Ohio Minimum Fair Wage Standards Act

("OMFWSA"), O.R.C. Chapter 4111. (ECF No. 1.)

The Court granted Plaintiffs' Motion for Conditional Collective Action Certification and

Rule 23 Class Certification (ECF No. 2) on September 3, 2019 (ECF No. 18). That Order

conditionally certified the following class under 29 U.S.C. § 216: "All current and former hourly

employees of Defendants who, during the past three (3) years, did not receive overtime payment

at a rate of one and one-half times their regular rate of pay for all hours worked in a workweek in excess of 40." (ECF No. 18.) The Order next certified the following OMFWSA class under Fed. R. Civ. P. 23 ("Rule 23"):

> All current and former hourly paid employees employed by Defendant Lend-A-Hand Services, LLC for the time prior including two (2) years prior to the date of filing of the Complaint through the date Class Certification is granted or Defendant changes its policy (whichever is earlier), who did not receive overtime payment at a rate of one and one-half times their regular rate of pay for all hours worked in a workweek in excess of 40.

*Id*. at 2. In addition, the Order appointed Mansell Law, LLC as interim class counsel under Rule 23(g) and approved the Notice of Collective Action Lawsuit and the Consent to Join Form. (ECF Nos. 18, 20.) The Notice and Consent Forms were e-mailed and mailed on October 8, 2019. (ECF No. 42 at 3.)

Magistrate Judge Abel's February 4, 2020 mediation of the matter yielded the proposed Settlement Agreement ("Agreement") and the instant motion. The Agreement provides for two classes. The "Section 216(b) Class" is defined to include the:

> Class Representatives and all current and former hourly employee[s] of Defendant[1] who, during the past three (3) years, did not receive overtime payment at a rate of one and one-half times their regular rate of pay for all hours worked in a workweek in excess of 40 and that filed a Notice of Consent to Sue in the Civil Action on or before December 31, 2019.

(Ex. B to ECF No. 42 at ¶ 1.22.) The "Rule 23 Class" is the second class and includes:

> Any and all persons employed by Defendant as hourly paid employees at any time during the period of February 28, 2017 through and including September 3, 2019 who did not receive overtime payment at a rate of one and one-half times their regular rate of pay for all hours worked in a workweek in excess of 40.

---

[1] Defendant Paul Nerswick was dismissed on May 13, 2020 (ECF No. 45).

(Ex. B to ECF No. 42 at ¶ 1.18.)

The Agreement calls for Defendants to pay a total common fund settlement amount of $250,000, which includes the following distribution: (1) $80,876.96 for settlement award payments to the Section 216(b) Class; (2) $80,039.71 in settlement award payments to the Rule 23 Class; (3) $5,750.00 for service payments to the Class Representatives in the amounts set forth in Exhibit A to the Agreement; (4) $83,333.00 for payment of Class Counsel's fees. (ECF No. 42 at 9-10.) The fees are contingent upon Court approval. Each Section 216(b) class member will receive a payment equal to approximately 150% of the overtime compensation allegedly due. *Id*. Each Rule 23 Class Member will receive a payment equal to approximately 50% of the total overtime compensation allegedly due. *Id*. Defendant has also agreed to eliminate its allegedly unlawful overtime pay policy. *Id*. at 5. That serves as therapeutic relief. *Id*.

The parties agree on two separate notices being mailed to the respective class members—one for the Section 216(b) Class and the other for the Rule 23 Class. *Id.* at 10. The differing Notices are required because some class members only qualify for one class. Each Notice details the reason for the notice and provides an explanation for the lawsuit. *Id*. at 42-2 at 23, 31. Both detail how to object to the Agreement and give Class Counsels' contact information. The Section 216(b) Notice explains the recipient's options under the Agreement. *Id*. at 32. The Rule 23 Notice summarizes the benefits and the terms of the Agreement and indicates how to opt-out of the Agreement. *Id*. at 42-2 at 27. The Rule 23 Notice contains a release form and indicates that it must be returned by a listed date in order to participate in the Agreement. *Id*. at 29. The Notices will be sent via U.S. Mail.

The parties now seek preliminary approval of the Agreement.

**II.      DISCUSSION**

### A. Approval of FLSA Settlement

"The FLSA's provisions are mandatory and, except as otherwise provided by statute, are generally not subject to being waived, bargained, or modified by contract or by settlement." *Kritzer v. Safelite Sols., LLC*, No. 2:10-CV-0729, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012) (citation omitted). An exception to this rule allows courts to review and approve settlement agreements in private actions for back wages under 29 U.S.C. § 216(b). *Id*. When reviewing a FLSA settlement, "the federal district court must 'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Sharier v. Top of the Viaduct, LLC*, No. 5:16-CV-343, 2017 WL 961029, at *2 (N.D. Ohio Mar. 13, 2017) (quoting *Rotuna v. W. Customer Mgmt. Group LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (alteration in original)). Instead of negotiating around the FLSA's requirements, there must exist a bona fide dispute between the parties. *Schneider v. Goodyear Tire & Rubber Co*., No. 5:13-cv-2741, 2014 WL 2579637, at *2 (N.D. Ohio June 9, 2014).

Factors relevant to the approval analysis include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mech., Inc*., No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup v. Renovo Servs., LLC*, No. 07-cv-430, 2011 WL 2532922, at *8 (S.D. Ohio June 24, 2011). Additionally, the Court must separately assess the reasonableness of any proposed award of attorney's fees and costs, even when they are

negotiated as part of the settlement. *Lakosky v. Discount Tire Co., Inc.*, No. 14-13362, 2015 WL 4617186, at *1 (E.D. Mich. July 31, 2015).

After a careful review of the parties' motion and their Agreement, the Court finds that the Agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute among the parties. There is no evidence the Agreement is the result of anything other than arm's length negotiations between experienced opposing counsel as mediated by Magistrate Judge Abel. Prior to reaching an agreement, counsel had access to sufficient discovery to adequately assess the likelihood of success and the risks involved in continued litigation. The Court will address attorney's fees, costs, and service awards at the final approval hearing.

### B.    Rule 23

"The trial court has broad discretion in deciding whether to certify a class, but that discretion must be exercised within the framework of Rule 23." *In re Am. Med. Sys.*, 75 F.3d 1069, 1079 (6th Cir. 1996). In particular, "'[b]efore a court may certify a class, it must ensure that the class satisfies each of Rule 23(a)'s requirements and that it falls within one of three categories permitted by Rule 23(b).'" *In re Packaged Ice Antitrust Litig.*, 322 F.R.D. 276, 284-85 (E.D. Mich. 2017) (quoting *UAW*, 497 F.3d at 625) (citing *Sprague v. General Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998)). Indeed, a court may certify a class only after it performs a "rigorous analysis" of Federal Rule of Civil Procedure 23's requirements. *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). The parties' failure to satisfy Rule 23(a) and one of Rule 23(b)'s requirements "dooms the class." *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 946 (6th Cir. 2011).  Here, the parties proceed under Rule 23(b)(3).

Rule 23(a) provides that class action lawsuits may be certified if:

> (1) the class is so numerous that joinder of all members is impracticable;

> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical
> of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the
> interests of the class.

Fed. R. Civ. P. 23(a)(1)–(4). Rule 23(b)(3) dictates that a class action may proceed when "the

court finds that the questions of law or fact common to class members predominate over any

questions affecting only individual members, and that a class action is superior to other available

methods for fairly and efficiently adjudicating the controversy."

Rule 23(a) dictates that plaintiffs may represent a class if the following prerequisites are

satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are

questions of law or fact common to the class; (3) the claims or defenses of the representative

parties are typical of the claims or defenses of the class; and (4) the representative parties will

fairly and adequately protect the interests of the class. In addressing the foregoing requirements,

a district court cannot inquire into the merits of the class representatives' underlying claims.

Instead, the Court must accept as true the factual allegations contained within the plaintiffs'

complaint. *Tedrow v. Cowles*, No. 2:06-cv-637, 2007 U.S. Dist. LEXIS 67391, at *11-12 (S.D.

Ohio Sep. 12, 2007) (citations omitted). The four prerequisites are met here.

To begin, the class is comprised of 54 members. Such a "substantial number" satisfies the

numerosity requirement. *Daffin v. Ford Motor Co*., 458 F.3d 549, 552 (6th Cir. 2006). Joinder of

each would certainly prove impracticable. *Swigart v. Fifth Third Bank*, 288 F.R.D. 177, 182

(S.D. Ohio 2012).

Next, commonality requires only a common question of law or fact. *See Bittinger v.

Tecumseh Prods. Co*., 123 F.3d 877, 884 (6th Cir. 1997). In the instant case, whether the

Defendant's overtime pay policies violated the OMFWSA is a question common to the Rule 23

Class Members. Whether that alleged violation was knowing and willful is another common question.

Third, "[a] plaintiff's claim is typical [under Rule 23(a)(3)] if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *In re Packaged Ice Antitrust Litig.*, 322 F.R.D. at 286 (internal quotations and citations omitted). Here, the proposed Ohio Settlement Class members rely upon the same course of conduct—Defendant's failure to pay them a proper overtime rate—to argue that the Defendant violated the OMFSA. Thus, the typicality requirement, which is "not onerous," is also satisfied. *Id.*

Lastly, the Court considers whether Plaintiffs Mary Walburn, Johnathan Bailey, Misty Hall, Jill Hollett, Megan Hughes, Allison Mitchell, Jessica Roth, Joshua Sliker and Brandy Wollard will fairly and adequately represent the Rule 23 Class. *See* Rule 23(a)(4). "The adequate representation requirement overlaps with the typicality requirement because in the absence of typical claims, the class representative has no incentives to pursue the claims of the other class members." *Gilbert v. Abercrombie & Fitch, Co.*, No. 2:15-cv-2854, 2016 U.S. Dist. LEXIS 103441, at *17 (S.D. Ohio Aug. 5, 2016) (citations and quotations omitted). In this regard, "[t]he two criteria for determining whether class representatives are adequate are (1) the representatives must have common interests with unnamed members of the class, and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *In re Packaged Ice Antitrust Litig.*, 322 F.R.D. at 286 (quotation and citations omitted). These two requirements are designed to uncover and prevent conflicts of interest among the named parties and the class they seek to represent. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997).

Both prongs are established here. In particular, all proposed Rule 23 Class Members allegedly suffered the same alleged injury and share the same interest—that is, each were not properly paid for overtime and each seeks monies allegedly due. Plaintiffs share the same interest and claim the same injury. That common interest incentivizes them to vigorously prosecute the interest of the class. The Court therefore appoints Plaintiffs as the Rule 23 Class Representatives because they will fairly and adequately represent and protect the interests of the Ohio Settlement Class.

Having concluded that Plaintiffs satisfy each of the prongs of Rule 23(a), the Court must now consider whether they likewise establish that this litigation may properly be maintained as a class action under Rule 23(b)(3). That rule permits certification when "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. Rule 23(b)(3). Those requirements are reduced to "predominance" and "superiority." *Zehentbauer Family Land, LP v. Chesapeake Expl., L.L.C.*, No. 18-4139, 2019 U.S. App. LEXIS 24289, at *12 (6th Cir. Aug. 15, 2019).

The "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. "To meet the predominance requirement, a plaintiff must establish that issues subject to generalized proof and applicable to the class as a whole predominate over those issues that are subject to only individualized proof." *Randleman v. Fid. Nat'l Title Ins. C*o., 646 F.3d 347, 353 (6th Cir. 2011) (citing *Beattie v. CenturyTel, Inc*., 511 F.3d 554, 564 (6th Cir. 2007)). While the commonality element of Rule 23(a)(2) requires showing one question of law or fact common to the class, a Rule 23(b)(3) class must show that common questions will predominate over individual ones. *Young v. Nationwide*

8

*Mut. Ins. Co.*, 693 F.3d 532, 544 (6th Cir. 2012).  Hence, "Rule 23(b)(3)'s predominance criterion is even more demanding than Rule 23(a)." *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013). The predominance requirement is satisfied here because Defendant's general overtime policies apply to all class members and predominate over the varying hours each class member worked.

The superiority inquiry is whether a "class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Rule 23(b)(3). This requirement aims to "achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem*, 521 U.S. at 615 (citation omitted). Courts consider the related factors set forth in Rule 23(b)(3) itself when considering superiority. *Martin v. Behr Dayton Thermal Prods. LLC*, 896 F.3d 405, 415-16 (6th Cir. 2018).  Those include:

> (1) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (2) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (4) the likely difficulties in managing a class action.

(Rule 23(b)(3)).

The parties argue, and the Court agrees, that the noted factors weigh in favor of finding that a class action is the superior method of proceeding in this instance. First, there is no evidence that any of the proposed Rule 23 Class members have any interest in maintaining this litigation as separate actions. Indeed, "the majority of putative class members would not likely have their day in court on these claims if a class is not certified because of a lack of sophistication, lack of resources, lack of representation and similar barriers." *Tedrow*, 2007 U.S.

Dist. LEXIS 67391, at *26. Regarding the second factor, the parties do not assert that any individual lawsuits are pending involving the same claims. Third, concentrating the litigation of the claims in this forum is desirable, as the Defendant is based in this district. Fourth, "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems." *Groshek v. Great Lakes Higher Educ. Corp.*, No. 15-cv-143-jdp, 2016 U.S. Dist. LEXIS 125089, at *8 (W.D. Wis. Apr. 13, 2016) (citation omitted). Lastly, there is no device other than a class action that can resolve these matters as efficiently and fairly. Cases such as this that allege "a single course of wrongful conduct are particularly well-suited to class certification." *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007) (citation omitted). Thus, because the Court determines that common questions predominate and class action resolution is superior to individual causes of action, Rule 23(b)(3) certification is appropriate.

In sum, having concluded that the parties have satisfied the requirements of both Rule 23(a) as well as Rule 23(b)(3), the Court **GRANTS** the Joint Motion for Order Preliminarily Approving 216(B) and Rule 23 Settlement's request to certify the Rule 23 class.

## 2. Notice

In class actions certified under Rule 23(b)(3), notice must meet the requirements of both Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e). Rule 23(e) specifies that no class action may be settled, dismissed, or compromised without court approval preceded by notice to class members. Rule 23(c)(2)(B) requires that notice to the class be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." The notice must be "'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to

present their objections.'" *UAW,* 497 F.3d at 629-30 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)).

Here, the Section 216(b) Notice and the Rule 23 Notice "'fairly apprise the prospective members of the class of the terms of the proposed settlement' so that class members may come to their own conclusions about whether the settlement serves their interests." *UAW,* 497 F.3d at 630 (quoting *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 122 (8th Cir. 1975)). The Notices explain their purpose, discuss the nature of the pending suit and proposed class and accurately summarize the settlement Agreement. *UAW,* 497 F.3d at 630. Consequently, the Court holds that the Section 216(b) Notice and the Rule 23 Notice satisfy Rules 23(c)(2)(B) and 23(e).

### 3. Class Counsel

Under Rule 23(c)(1)(B) and Rule 23(g) of the Federal Rules of Civil Procedure, class counsel must be appointed because the Court preliminarily certified the Ohio Settlement Class. Rule 23(g) requires the Court to consider four factors when appointing class counsel: "the work counsel has done in identifying or investigating potential claims in the action," "counsel's experience in handling class actions, other complex litigation," and "the types of claims asserted in the action," "counsel's knowledge of the applicable law," and the "resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). Attorney Greg Mansell seeks class counsel designation.

He prosecuted this litigation by, *inter alia*, obtaining and analyzing documents obtained in discovery and completing and filing motions. He has experience in litigating class actions, and he possesses the skill, experience and qualifications necessary to complete the settlement on behalf of the Rule 23 Class. *See* https://ohio-employmentlawyer.com/greg-mansell (visited May 14, 2020). He will fairly and adequately represent the interests of the Rule 23 Class for

settlement purposes. Consequently, the Court designates Attorney Greg Mansell as Class Counsel.

### 4.       Preliminary Approval of Agreement

To approve a Rule 23 class settlement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23). To protect the rights of absent parties, courts review class action settlements to ensure they are not merely "the product of fraud or overreaching by, or collusion between, the negotiating parties and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Clark Equip. Co. v. Int'l Union, Allied Indus. Workers of Am., AFL-CIO*, 803 F.2d 878, 880 (6th Cir. 1986) (quoting *Officers for Justice v. Civil Serv. Comm'n, etc.*, 688 F.2d 615 (9th Cir. 1982)).

Based on the Court's review of the proposed Agreement, the parties' motion practice to date, the amount of discovery exchanged, and the Court's familiarity with the status of the litigation, the Court finds that the proposed settlement falls "within the range of possible approval." *Armstrong v. Bd. of Sch. Dirs.*, 616 F.2d 305, 314 (7th Cir. 1980), overruled on other grounds in *Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998); *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 350 (N.D. Ohio 2001) (same) (citing Manual for Complex Litigation, § 30.41 (3rd ed. 1995)). As a result, it is appropriate to direct notice to Rule 23 Class members and to schedule a final approval hearing to consider the final fairness of the Settlement Agreement, including any objections that may be filed and Class Counsel's anticipated motion for an award of attorneys' fees and costs.

## III. DISPOSITION

For the foregoing reasons, the parties' Joint Motion for Order Preliminarily Approving

216(B) and Rule 23 Settlement (ECF No. 42) is **GRANTED**. It is further **ORDERED** that:

(1) The Court preliminarily certifies the following Section 216(b) class:

> Class Representatives and all current and former hourly employee[s] of Defendant who, during the past three (3) years, did not receive overtime payment at a rate of one and one-half times their regular rate of pay for all hours worked in a workweek in excess of 40 and that filed a Notice of Consent to Sue in the Civil Action on or before December 31, 2019.

(2) The Court preliminarily certifies the following Rule 23 class:

> Any and all persons employed by Defendant as hourly paid employees at any time during the period of February 28, 2017 through and including September 3, 2019 who did not receive overtime payment at a rate of one and one-half times their regular rate of pay for all hours worked in a workweek in excess of 40.

(3) The Court appoints Plaintiffs Plaintiffs Mary Walburn, Johnathan Bailey, Misty Hall, Jill Hollett, Megan Hughes, Allison Mitchell, Jessica Roth, Joshua Sliker and Brandy Wollard as Class Representatives of the Rule 23 Class;

(4) Attorney Greg Mansell and his firm are appointed as Class Counsel for the Rule 23 Class pursuant to FED. R. CIV. P. 23(g);

(5) The Court appoints Analytics Consulting LLC as Settlement Administrator;

(6) The two Notices shall be corrected to indicate that the final approval hearing will take place in courtroom 132, not room 121; to provide contact information for Analytics Consulting; to clarify that objectors may appear at the final approval hearing for purposes of objecting only if they first timely file a written objection; and to state that the Court cannot provide legal advice.

(7) The Court approves the form and substance of the two Notices attached to the Settlement Agreement with the noted alterations. The Court further approves the distribution of the two Notices via First-Class United States Mail as valid, due, and sufficient notice to Settlement Class Members pursuant to § 216(b) and FED. R. CIV. P. 23(c)(2)(B);

(8) The Court approves the settlement procedure and timeline set forth in the Agreement;

(9) The Court will conduct a Final Approval Hearing on August 14, 2020 at 1:30 p.m. at 85 Marconi Boulevard, courtroom 132, Columbus, Ohio, 43215, to determine the overall fairness of the settlement and to determine the amount of attorney's fees and costs to Class Counsel and service awards; and

(10) Counsel shall file their Joint Motion for Final Settlement Approval, including a declaration describing the results of the settlement notice distribution, and Plaintiffs' counsel shall file his motion for attorney's fees and costs, on or before 14 days prior to the Final Approval Hearing.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**