**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MARY WALBURN, *et al.* | : | |
| Plaintiffs, | : | Case No. 2:19 cv 00711 |
| vs. | : | JUDGE SARAH D. MORRISON |
| | : | Magistrate Judge Vascura |
| LEND-A-HAND SERVICES, LLC, | : | |
| Defendant. | : | |

**ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEY'S FEES AND COSTS**

The parties' Joint Motion for Final Approval of Class and Collective Action Settlement (Doc. No. 47) and Plaintiffs' Unopposed Motion for Attorney's Fees and Costs (ECF No. 48) are presently before the Court for consideration. The Court, having considered the motions, the terms of the parties' settlement agreement, and the authority and exhibits provided in support of the motions, is of the opinion that the settlement is fair, reasonable, and adequate under 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 and that the amount of fees and costs being sought is reasonable. Both motions are **GRANTED**. (ECF Nos. 47, 48.)

WHEREAS Mary Walburn, Johnathan Bailey, Misty Hall, Jill Hollett, Megan Hughes, Allison Mitchell, Jessica Roth, Joshua Sliker, and Brandy Wollard (the "Representative Plaintiffs") and Defendant Lend-A-Hand Services, LLC ("Lend-A-Hand") entered into a Class and Collective Action Settlement Agreement ("Settlement Agreement") on April 20, 2020, to resolve this class and collective action lawsuit ("Lawsuit");

WHEREAS the Court entered an Order dated May 26, 2020 preliminarily approving the Settlement consistent with the requirements of 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure 23, certifying a settlement class, ordering that notice be sent to all Class Members, scheduling a Final Approval Hearing, and providing Class Members with an opportunity to opt out of or object to the Settlement ("Preliminary Approval Order");

WHEREAS the Court held a final approval hearing on August 14, 2020 to determine whether to give final approval to the proposed Settlement; and

WHEREAS the Court makes the following Findings of Fact and Conclusions of Law in support of the approval of the proposed Settlement.

NOW, THEREFORE, based on the submissions of the Parties, all prior proceedings in this action, and on the evidence and arguments presented at the Final Approval Hearing, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. <u>Incorporation of Other Documents</u>. This Final Order and Judgment Approving Class and Collective Action Settlement (the "Final Approval Order") incorporates herein the Settlement Agreement (Doc. No. 42-2). Unless otherwise provided herein, all capitalized terms in this Final Approval Order shall have the same meaning as set forth in the Settlement Agreement.

2. <u>Jurisdiction</u>.  Adequate notice has been disseminated and all Section 216(b) Plaintiffs. Adequate notice has been disseminated to the Rule 23 Class Members (referred to herein collectively as "Class Members"), who have been given the opportunity to opt out of the Settlement. Thus, the Court has personal jurisdiction with respect to the claims of all Class Members.  The Court has subject matter jurisdiction over the Lawsuit, including jurisdiction to approve the proposed Settlement, grant final certification of a settlement class, and dismiss the Lawsuit.

3. <u>Final Class and Collective Action Certification</u>.  A class is certified for settlement purposes only based on the Court's finding that the proposed settlement class satisfies all applicable requirements of Federal Rule of Civil Procedure 23 and due process.  The Rule 23 Class consists of any and all persons employed by Defendant as hourly paid employees at any time during the period of February 28, 2016 and September 3, 2019 who did not receive overtime payment at a rate of one and one-half times their regular rate of pay for all hours worked in a workweek in excess of 40.  A class action under Federal Rule of Civil Procedure 23 is certified for settlement purposes consisting of all Rule 23 Class Members who did not timely opt out of the Settlement as provided in Section 3.2(E) of the Settlement Agreement. Representative Plaintiffs and Rule 23 Class Members who filed a Notice of Consent to Sue in the Civil Action on or before December 31, 2019 pursuant to the Court's September 3, 2019 Order granting conditional certification pursuant to 29 U.S.C. § 216(b) are collectively referred to as "Section 216(b) Plaintiffs."  A collective action under Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., is certified for settlement purposes consisting of all Section 216(b) Plaintiffs.

4. <u>Adequacy of Representation</u>.  Greg R. Mansell, Carrie J. Dyer, and Kyle T. Anderson of Mansell Law, LLC have fully and adequately represented the Class Members for purposes of entering into and implementing the settlement and have satisfied the requirements of Federal Rule of Civil Procedure 23.

5. <u>Class Representatives</u>.  For purposes of settlement, the Court approves the Representative Plaintiffs, Mary Walburn, Johnathan Bailey, Misty Hall, Jill Hollett, Megan Hughes, Allison Mitchell, Jessica Roth, Joshua Sliker, and Brandy Wollard as the Class Representatives.

6.  <u>Class Notice</u>.  The Court finds that the notices issued to the Rule 23 Class Members and Section 216(b) Plaintiffs and their distribution to the Class Members have been implemented pursuant to the Settlement Agreement and the Preliminary Approval Order and that they:

a.  constitute the best practicable notice to Class Members under the circumstances of the Lawsuit;

b.  constitute notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Lawsuit; (ii) the terms and conditions of the Settlement and their rights under the Settlement; (iii) their right to opt out of the Rule 23 Class and the Rule 23 portion of the proposed Settlement; (iv) their right to object to the terms of the Rule 23 Class Settlement; (v) their right to appear at the Final Approval Hearing, either on their own behalf or through counsel hired at their own expense, if they did not opt out of the Settlement; and (vi) the binding effect of the Release set forth in the Settlement Agreement on all persons who did not opt out of the Rule 23 Class;

c.  constitute notice that was reasonable, adequate, and sufficient to all persons entitled to be provided notice;

d.  constitute notice that fully satisfied Federal Rule of Civil Procedure 23 and due process; and

e.  constitute notice that adequately informed the Rule 23 Class Members that the Settlement will have no binding effect upon them if they timely opted out of the Settlement as set forth in Section 3.2(E) of the Settlement Agreement.

7.  <u>Final Settlement Approval</u>.  The terms and provisions of the Settlement Agreement have been entered into in good faith and are the product of arms-length negotiations by experienced counsel who have done a meaningful investigation of the claims in the Lawsuit.  No person

objected to the Settlement Agreement. The Settlement Agreement and all of its terms are fully and finally approved and are fair, reasonable, adequate, and in the best interest of each of the Parties and the Class Members. The Settlement Agreement resolves a bona fide dispute under the FLSA and Ohio Revised Code 4111 and contains terms that further the purposes of the FLSA and R.C. 4111. The Parties are hereby ORDERED to implement and consummate the Settlement Agreement according to its terms and provisions.

8. <u>Class Action Fairness Act</u>. All notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.*, have been complied with and there have been no objections from any state or federal officials regarding the Settlement Agreement.

9. <u>Permanent Injunction</u>. Class Members who did not opt out of the Settlement are barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other claim, lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on the Released Claims. The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over the Lawsuit and to protect and effectuate the Court's Final Approval Order.

10. <u>Settlement Payments</u>. Lend-A-Hand shall fund the Settlement Fund as set forth in the Settlement Agreement. Those monies shall be distributed as provided in the Settlement Agreement.

11. <u>Attorneys' Fees and Expenses</u>. Pursuant to Class Counsel's Unopposed Motion for Attorneys' Fees and Costs (Doc. No. 48), Class Counsel are hereby awarded attorneys' fees and costs in the amount of $83,333.33. The Court has conducted the *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974) analysis and determines that the amount sought is

reasonable. Such fees and expenses are to be paid pursuant to the conditions set forth in the Settlement Agreement. Lend-A-Hand shall not be required to pay for any other attorneys' fees and expenses, costs, or disbursements incurred by Class Counsel or any other counsel representing the Representative Plaintiffs or Class Members, or incurred by the Representative Plaintiffs or Settlement, or any of them, in connection with the Lawsuit, the settlement of the Lawsuit, or the Released Claims. Plaintiffs' Unopposed Motion for Order Approving Award of Attorney's Fees and Costs to Class Counsel is **GRANTED**. (ECF No. 48.)

12. <u>Representative Plaintiffs' Enhancement Payments</u>. The Court finds that the Service Payment Amount, totaling $5,750.00, to be paid by Lend-A-Hand to the Class Representatives for service and assistance to the Class Members in the Lawsuit is reasonable and appropriate. The Service Payment Amount is to be paid pursuant to the conditions set forth in the Settlement Agreement and Exhibits.

13. <u>Settlement Administration Costs</u>. Class Counsel shall pay all settlement administration costs incurred by the Administrator pursuant to the conditions set forth in the Settlement Agreement and Exhibits.

14. <u>Modification of the Settlement Agreement</u>. The Parties are hereby authorized, upon approval of the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Agreement, as are in writing and signed by the Parties' counsel and are consistent with this Final Approval Order and do not limit the rights of the Class Members under the Settlement Agreement.

15. <u>Retention of Jurisdiction</u>. The Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement

Agreement and of this Final Approval Order, and for any other necessary purpose, including, without limitation:

      a.    enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims, or causes of action in the Lawsuit that, in whole or in part, are related to or arise out of the Settlement Agreement or this Final Approval Order;

      b.    entering such additional orders as may be necessary or appropriate to protect or effectuate the Court's Final Approval Order and permanently enjoining the Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

      c.    entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction.

16.    <u>Dismissal with Prejudice</u>.  All claims in the Lawsuit are hereby dismissed with prejudice.  No fees or costs shall be assessed against Lend-A-Hand, except as otherwise set forth herein.

    **IT IS SO ORDERED**.

                                            /s/ Sarah D. Morrison
                                            **SARAH D. MORRISON**
                                            **UNITED STATES DISTRICT JUDGE**